STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar No. 242340)
  MPalau@TheMMLawFirm.com
JESSICA JUAREZ (Bar No. 269600)
  JJuarez@ TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California  94612-3547
Telephone: (510) 832-9999
Facsimile:  (510) 832-1101

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MARGARITO IBARRA, TEOFILIO MEJIA, ALFONSO RIVERA, SERGIO VEGA, GENARO OCAMPO, GUMARO MENDOZA, IGNACIO IBARRA, JOSE OCAMPO, PEDRO RIOS, RAFAEL GONZALEZ, GUILLERMO OCHOA, JOSE NAVA, MANUEL ALVA, SALVADOR ALVA, LUIS ROMERO, PEDRO GURROLA, JAIME HERNANDEZ, PILAR CARRILLO, HECTOR OCAMPO, LUIS SAAVEDRA, OSCAR CARRILLO, MARTIN FERNANDEZ AND JOHN RUBIO | CASE NO. (New Filing) |
| | JURY TRIAL DEMANDED |
| | CLASS ACTION |
| Plaintiffs | 1. **Violation of the Age Discrimination in Employment Act of 1967 (ADEA)** |
| | 2. **Violation of Cal. Gov. Code §12940** |
| vs. | 3. **Failure to Prevent Discrimination** |
| | 4. **Wrongful Termination in Viol. of California Public Policy** |
| WEEKS WHOLESALE ROSE GROWER, INC. doing business as "Weeks Wholesale Rose Grower" and "Weeks Roses"; INTERNATIONAL GARDEN PRODUCTS, INC. | 5. **Retaliatory Discharge under California and Federal law (Title VII)** |
| Defendants | |

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

1

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

1.      This is an action under Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 et seq. the California Fair Employment and housing Act, California Government Code §§12940 et seq. (the "FEHA") and other Federal and California statutory theories to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Plaintiffs Margarito Ibarra, Teofilio Mejia, Alfonso Rivera, Sergio Vega, Genaro Ocampo, Gumaro Mendoza, Ignacio Ibarra, Jose Ocampo, Pedro Rios, Rafael Gonzalez, Guillermo Ochoa, Jose Nava, Manuel Alva, Salvador Alva, Luis Romero, Pedro Gurrola, Jaime Hernandez, Pilar Carrillo, Hector Ocampo, Luis Saavedra, Oscar Carrillo, Martin Fernandez and John Rubio (hereinafter "PLAINTIFFS'" bring this action against Weeks Wholesale Rose Grower, Inc. doing business as "Weeks Wholesale Rose Grower" and "Weeks Roses" (hereinafter "Defendant" or "Weeks Roses") and against its corporate Parent International Garden Products, Inc. ("International Garden") (Collectively "Defendant" or "Defendants").

2.      Each of the Plaintiffs filed timely charges with the EEOC and received affirmative letters of determination from the Equal Employment Opportunity Commission substantiating their charges.[1]   The letters of determination state that:

> [t]he EEOC finds that there is reasonable cause to believe that the Charging Part[ies] [were] subject to harassment and differential treatment in that [they] were assigned the more arduous work assignments and had [their] hours reduced based on [their] age in violation of the Age Discrimination in Employment Act of 1967, as amended.
>
> [and finds] ….reasonable cause to believe that older employees as a class were subjected to an ongoing pattern or practice of harassment based on their age and subjected to differential treatment in that they were given the more arduous work assignments and fewer hours…"

3.      As described herein, Plaintiffs were subjected to age based discrimination and

---

[1] Margarito Ibarra, Case No. 480-2006-02933; Teofilio Mejia, Case No. 480-2006-03087; Alfonso Rivera, Case No. 480-2006-03305; Sergio Vega, Case No. 480-2006-03306; Genaro Ocampo, Case No. 480-2006-03307; Gumaro Mendoza, Case No. 480-2006-03308; Ignacio Ibarra, Case No. 480-2006-03309; Jose Ocampo, Case No. 480-2006-03310; Pedro Rios, Case No. 480-2006-03311; Rafael Gonzalez, Case No. 480-2006-03312; Guillermo Ochoa, Case No. 480-2006-033313; Jose Nava, Case No. 480-2007-02607; Manuel Alva, Case No. 480-2008-02575; Salvador Alva, Case No. 480-2008-02578; Luis Romero, Case No. 480-2008-02573; Pedro Gurrola, Case No. 480-2008-02574; Jaime Hernandez, Case No. 480-2008-02572; Pilar Carrillo, Case No. 480-2008-02836; Hector Ocampo, Case No. 480-2008-02577; Luis Saavedra, Case No. 480-2008-02576; Oscar Carrillo, Case No. 480-2008-02835; Martin Fernandez, Case No. 480-2008-02569; and John Rubio, Case No. 480-2008-02571.

harassment based upon age and hostile work environment.  Plaintiffs were subject to negative comments relating to plaintiffs' age (including comments that they were "old and useless"[2] and that "younger workers produce more work and are less expensive to employ"[3]), assigned less hours of work than their younger co-workers, assigned more arduous work assignments, and passed over for promotions.  The commentary was a daily occurrence, communicated to all Plaintiffs on a daily and recurrent basis.

## I.      JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT

4.      This action includes statutory claims under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 et seq., as such, jurisdiction is proper under 28 U.S.C. § 1331.

5.      This court should exercise supplemental jurisdiction over the state claims pled herein, under 28 U.S.C. § 1367, because they are so related to the claims in the action over which this Court has original, subject matter jurisdiction, that they arise from the same case or controversy under Article III of the United States Constitution, i.e., from the same discriminatory and retaliatory instances giving rise to the federal claims.

6.      Venue is proper under 28 U.S.C. § 1391 because the unlawful practices described herein have been committed within the geographical boundaries of the Eastern District of California.

7.      The case is properly assigned to the Fresno Division of the Eastern District of California pursuant to Local Rule 3-120(d) because the action arose in Kern County, California.

## II.     PARTIES

### A.      PLAINTIFFS

8.      During all relevant times herein, Plaintiffs were "employees" of Defendants' Weeks

---

[2] *See e.g.* Ibarra, I. EEOC Charge No. 480-2006-03309, Ocampo, J., EEOC Charge No. 480-2006-03310, Gonzalez EEOC Charge No. 480-2006-03312, Vega EEOC Charge No. 480-2006-03306, Mejia EEOC Charge No. 480-2006-03087, Nava EEOC Questionnaire (8/5/2006).
[3] *Id.*

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

1   Roses, located at 30135 McCombs Road Wasco, CA 93280, and each of the Plaintiffs fall within

2   the meaning of "employee" the ADEA, 29 U.S.C. § 630(f), ADA (42 U.S.C. § 12111(4)); Cal. Gov.

3   Code § 12926(c); and Cal. Code Regs. tit. 2 § 7286.5(b) and other applicable federal and California

4   statutes, regulations and common law.

5         9.    Plaintiff Margarito Ibarra, age 60 at the time of the discriminatory and harassing

6   acts, is a California resident.  DEFENDANT employed IBARRA, M. from approximately

7   1978 to 2008 as a non-exempt employee at Defendants' agricultural facilities at, or around,

8   Wasco, California.  During his tenure at Defendants' facility, IBARRA, M.  was subject to

9   age-based harassment, differential terms and conditions of employment, and hostile work

10   environment. Despite complaining about this treatment to the General Supervisor, Mac

11   McCraig, no remedial action was taken. EEOC Charge No. 480-2006-02933 (filed on

12   7/19/2006). IBARRA, M. was retaliated against due to his age and participation in the

13   related age-discrimination EEOC investigation.  IBARRA, M. was discharged from his

14   employment on March 12, 2008. Id. As a result of Defendants' employment practices in

15   violation of ADEA, Title VII, and FEHA, IBARRA, M. has lost money or property.

16         10.    Plaintiff Teofilio Mejia, age 52 at the time of the discriminatory and harassing

17   acts, is a California resident.  MEJIA was employed with Defendants' from approximately

18   1980 to 2006 as a non-exempt employee at Defendants' agricultural facilities at, or around,

19   Wasco, California.  During his tenure at Defendants' facility, MEJIA was subject to age-

20   based harassment, differential terms and conditions of employment, and hostile work

21   environment. Despite complaining about this treatment to the General Supervisor, Mac

22   McCraig, no remedial action was taken. EEOC Charge No. 480-2006-03087 (filed on

23   7/19/2006).  As a result of Defendants' employment practices in violation of ADEA, Title

24   VII, and FEHA, MEJIA has lost money or property.

25         11.    Plaintiff Alfonso Rivera, over age 40 at the time of the discriminatory and

26   harassing acts, was employed  by Defendants' from approximately 1989 to 2006 as a non-

27   exempt employee at Defendants' agricultural facilities at, or around, Wasco, California.

28

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

During his tenure at Defendants' facility, VEGA was subject to age-based harassment, differential terms and conditions of employment, and hostile work environment. Despite complaining about this treatment to the General Supervisor, Mac McCraig, no remedial action was taken. EEOC Charge No. 480-2006-03305. RIVERA was retaliated against due to his age and was not rehired as a seasonal worker following the filing of his EEOC Charge.  EEOC Charge No. 480-2007-00807. As a result of Defendants' employment practices in violation of ADEA, Title VII, and FEHA, RIVERAA has lost money or property.

12.     Plaintiff Sergio Vega, age 44 at the time of the discriminatory and harassing acts, is a California resident. Defendants' employed VEGA from approximately 1981 to 2007 as a non-exempt employee at Defendants' agricultural facilities at, or around, Wasco, California.  During his tenure at Defendants' facility, VEGA was subject to age-based harassment, differential terms and conditions of employment, and hostile work environment. Despite complaining about this treatment to the General Supervisor, Mac McCraig, no remedial action was taken. EEOC Charge No. 480-2006-03306 (filed on 7/19/2006). VEGA was retaliated against due to his age and was not rehired as a seasonal worker following the filing of his EEOC Charge.  EEOC Charge 480-2007-00807. As a result of Defendants' employment practices in violation of ADEA, Title VII, and FEHA, VEGA has lost money or property.

13.     Plaintiff Genaro Ocampo, age 67 at the time of the discriminatory and harassing acts, is a California resident. DEFENDANT employed OCAMPO from approximately 1988 through 2006 as a non-exempt employee at Defendants' agricultural facilities at, or around, Wasco, California.  During his tenure at Defendants' facility, OCAMPO was subject to age-based harassment, differential terms and conditions of employment, and hostile work environment.  Despite complaining about this treatment to the General Supervisor, Mac McCraig, no remedial action was taken. EEOC Charge No. 480-2006-03307 (filed on 7/19/2006).  As a result of Defendants' employment practices in

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

1  violation of ADEA, Title VII, and FEHA, OCAMPO has lost money or property.

2  14.   Plaintiff Gumaro Mendoza, age 48 at the time of the discriminatory and

3  harassing acts, is a California resident. Defendants'employed MENDOZA from

4  approximately 1980 to 2008 as a non-exempt employee at Defendants' agricultural facilities

5  at, or around, Wasco, California.  During his tenure at Defendants' facility, MENDOZA

6  was subject to age-based harassment, differential terms and conditions of employment, and

7  hostile work environment.  Mendoza EEOC Questionnaire, *See also* EEOC Charge No.

8  480-2006-03308 (filed on 7/19/2006).  MENDOZA was retaliated against due to his age

9  and participation in the related age-discrimination EEOC investigation.  MENDOZA was

10  discharged from his employment on March 12, 2008. As a result of Defendants'

11  employment practices in violation of ADEA, Title VII, and FEHA, MENDOZA has lost

12  money or property.

13  15.   Plaintiff Ignacio Ibarra, age 45 at the time of the discriminatory and harassing

14  acts, is a California resident.  DEFENDANT employed IBARRA, I. from approximately

15  1982 to 2008 as a non-exempt employee at Defendants' agricultural facilities at, or around,

16  Wasco, California.  During his tenure at Defendants' facility, IBARRA, I. was subject to

17  age-based harassment, differential terms and conditions of employment, and hostile work

18  environment. Despite complaining about this treatment to the General Supervisor, Mac

19  McCraig, no remedial action was taken. EEOC Charge No. 480-2006-03309(filed on

20  7/19/2006).  Moreover, IBARRA,I. alleges he was retaliated against because of his age.

21  Ibarra EEOC Questionnaire. As a result of Defendants' employment practices in violation

22  of ADEA, Title VII, and FEHA, IBARRA, I. has lost money or property.

23  16.   Plaintiff Jose Ocampo, age 59 at the time of the discriminatory and harassing

24  acts, is a California resident. Defendants' employed OCAMPO from approximately 1978 to

25  2008 as a non-exempt employee at Defendants' agricultural facilities at, or around, Wasco,

26  California.  During his tenure at Defendants' facility, OCAMPO was subject to age-based

27  harassment, differential terms and conditions of employment, and hostile work

28

1 environment. Despite complaining about this treatment to the General Supervisor, Mac

2 McCraig, no remedial action was taken. EEOC Charge No. 480-2006-03310 (filed on

3 7/19/2006). OCAMPO was retaliated against due to his age and participation in the related

4 age-discrimination EEOC investigation. OCAMPO was discharged from his employment

5 on March 12, 2008. As a result of Defendants' employment practices in violation of

6 ADEA, Title VII, and FEHA, OCAMPO has lost money or property.

7       17.     Plaintiff Pedro Rios, age 46 at the time of the discriminatory and harassing

8 acts, is a California resident. Defendants' have employed RIOS since 1982, approximately

9 as a non-exempt employee at Defendants' agricultural facilities at, or around, Wasco,

10 California. During his tenure at Defendants' facility, RIOS was subject to age-based

11 harassment, differential terms and conditions of employment, and hostile work

12 environment. Despite complaining about this treatment to the General Supervisor, Mac

13 McCraig, no remedial action was taken. EEOC Charge No. 480-2006-03311 (filed on

14 7/19/2006). As a result of Defendants' employment practices in violation of ADEA, Title

15 VII, and FEHA, RIOS has lost money or property.

16       18.     Plaintiff Rafael Gonzales, age 49 at the time of the discriminatory and

17 harassing acts, is a California resident. GONZALEZ was employed with Defendants' from

18 approximately October 1999 to December 2005 as a non-exempt employee at Defendants'

19 agricultural facilities at, or around, Wasco, California. During his tenure at Defendants'

20 facility, GONZALEZ was subject to age-based harassment, differential terms and

21 conditions of employment, and hostile work environment. Despite complaining about this

22 treatment to the General Supervisor, Mac McCraig, no remedial action was taken. EEOC

23 Charge No. 480-2006-03312 (filed on 7/19/2006). As a result of Defendants' employment

24 practices in violation of ADEA, Title VII, and FEHA, GONZALEZ has lost money or

25 property.

26       19.     Plaintiff Guillermo Ochoa, age 53, at the time of the discriminatory and

27 harassing acts, is a California resident. OCHOA was employed with Defendants' from

28

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

1 | approximately 1978 to 2007 as a non-exempt employee at Defendants' agricultural facilities

2 | at, or around, Wasco, California.  During his tenure at Defendants' facility, OCHOA was

3 | subject to age-based harassment, differential terms and conditions of employment, and

4 | hostile work environment. Despite complaining about this treatment to the General

5 | Supervisor, Mac McCraig, no remedial action was taken. EEOC Charge No. 480-2006-

6 | 03313 (filed on 7/19/2006).  As a result of Defendants' employment practices in violation of

7 | ADEA, Title VII, and FEHA, OCHOA has lost money or property.

8 |      20.    Plaintiff Jose Nava, age 53 at the time of the discriminatory and harassing

9 | acts, is a California resident.  NAVA has been employed with Defendants since November

10 | 2003 as a non-exempt employee at Defendants' agricultural facilities at, or around, Wasco,

11 | California.  During his tenure at Defendants' facility, NAVA was subject to age-based

12 | harassment, differential terms and conditions of employment, and hostile work

13 | environment. Despite complaining about this treatment to the General Supervisor, Mac

14 | McCraig, no remedial action was taken. EEOC Charge No. 480-2007-02607.  As a result of

15 | Defendants' employment practices in violation of ADEA, Title VII, and FEHA, NAVA has

16 | lost money or property.

17 |      21.    Plaintiff Manuel Alva, age 51 at the time of the discriminatory and harassing

18 | acts, is a California resident.  DEFENDANT employed ALVA M. from approximately 1979

19 | to 2008 as a non-exempt employee at Defendants' agricultural facilities at, or around,

20 | Wasco, California. During his tenure at Defendants' facility, ALVA M. was subject to age-

21 | based harassment, differential terms and conditions of employment, and hostile work

22 | environment. ALVA, M. was retaliated against due to his age, participation in the EEOC

23 | investigation and was discharged from his employment on March 12, 2008.  Charge No.

24 | 480-2008-02575.  As a result of Defendants' employment practices in violation of ADEA,

25 | Title VII, and FEHA, ALVA, M. has lost money or property.

26 |      22.    Plaintiff Salvador Alva, age 52 at the time of the discriminatory and harassing

27 | acts, is a California resident. Defendants' employed ALVA, S. from approximately 1979 to

28

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

1  2008 as a non-exempt employee at Defendants' agricultural facilities at, or around, Wasco,

2  California.  During his tenure at Defendants' facility, ALVA, S was subject to age-based

3  harassment, differential terms and conditions of employment, and hostile work

4  environment. ALVA, S. was retaliated against due to his age and was discharged from his

5  employment on March 12, 2008. Charge No. 480-2008-02578.  As a result of Defendants'

6  employment practices in violation of ADEA, Title VII, and FEHA, ALVA, S. has lost

7  money or property.

8       23.    Plaintiff Luis Romero, age 49 at the time of the discriminatory and harassing

9  acts, is a California resident.  From approximately 1988 to 2008, ROMERO has been

10  employed by Defendants' as a non-exempt employee at Defendants' agricultural facilities

11  at, or around, Wasco, California.  During his tenure at Defendants' facility, ROMERO was

12  subject to age-based harassment, differential terms and conditions of employment, and

13  hostile work environment. ROMERO was retaliated against due to his age, participation in

14  the EEOC investigation and was discharged from his employment on March 12, 2008.

15  Charge No. 480-2008-02573.  As a result of Defendants' employment practices in violation

16  of ADEA, Title VII, and FEHA, ROMERO has lost money or property.

17       24.    Plaintiff Pedro Gurrola, age 65 at the time of the discriminatory and harassing

18  acts, is a California resident. Defendants' employed GURROLA from approximately 1989

19  to 2008 as a non-exempt employee at Defendants' agricultural facilities at, or around,

20  Wasco, California.  During his tenure at Defendants' facility, GURROLA was subject to

21  age-based harassment, differential terms and conditions of employment, and hostile work

22  environment. GURROLA was retaliated against due to his age and was discharged from his

23  employment on March 12, 2008. Charge No. 480-2008-02574.  As a result of Defendants'

24  employment practices in violation of ADEA, Title VII, and FEHA, GURROLA has lost

25  money or property.

26       25.    Plaintiff Jaime Hernandez, age 49 at the time of the discriminatory and

27  harassing acts, is a California resident.  From approximately 1976 to 2008, HERNANDEZ

28

9

has been employed by Defendants' as a non-exempt employee at Defendants' agricultural facilities at, or around, Wasco, California.  During his tenure at Defendants' facility, HERNANDEZ was subject to age-based harassment, differential terms and conditions of employment, and hostile work environment. HERNANDEZ was retaliated against due to his age and was discharged from his employment on March 12, 2008.  Charge No. 480-2008-02572.  As a result of Defendants' employment practices in violation of ADEA, Title VII, and FEHA, HERNANDEZ has lost money or property.

26.     Plaintiff Pilar Carrillo, over age 40 at the time of the discriminatory and harassing acts, is a California Resident.  Defendant employed CARRILLO, P. from approximately 1989 to 2008 as a non-exempt employee at Defendants' agricultural facilities at, or around, Wasco, California.  During his tenure at Defendants' facility, CARRILLO, P. was subject to age-based harassment, differential terms and conditions of employment, and hostile work environment. CARRILLO, P. was retaliated against due to his age and was discharged from his employment on March 12, 2008.  Charge No. 480-2008-02836.  As a result of Defendants' employment practices in violation of ADEA, Title VII, and FEHA, CARRILLO, P. has lost money or property..

27.     Plaintiff Hector Ocampo, age 47 at the time of the discriminatory and harassing acts, is a California resident. DEFENDANT employed OCAMPO from approximately 1987 to 2008 as a non-exempt employee at Defendants' agricultural facilities at, or around, Wasco, California.  During his tenure at Defendants' facility, OCAMPO was subject to age-based harassment, differential terms and conditions of employment, and hostile work environment. OCAMPO was retaliated against due to his age, participation in the EEOC investigation and discharged from his employment on March 12, 2008.  Charge No. 480-2008-02577.  As a result of Defendants' employment practices in violation of ADEA, Title VII, and FEHA, OCAMPO has lost money or property.

28.     Plaintiff Luis Saavedra, age 44 at the time of the discriminatory and harassing acts, is a California resident. DEFENDANT employed SAAVEDRA from approximately

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

1  2004 to 2008 as a non-exempt employee at Defendants' agricultural facilities at, or around,

2  Wasco, California.  During his tenure at Defendants' facility, SAAVEDRA was subject to

3  age-based harassment, differential terms and conditions of employment, and hostile work

4  environment. SAAVEDRA was retaliated against due to his age, participation in the EEOC

5  investigation and discharged from his employment on March 12, 2008. Charge No. 480-

6  2008-02576.  As a result of Defendants' employment practices in violation of ADEA, Title

7  VII, and FEHA, SAAVEDRA has lost money or property.

8       29.    Plaintiff Oscar Carrillo was over age 40 at the time of the discriminatory and

9  harassing acts, and is a California resident. Defendants' employed CARRILLO, O. from

10  approximately 1976 to 2008 as a non-exempt employee at Defendants' agricultural facilities

11  at, or around, Wasco, California.  During his tenure at Defendants' facility, CARRILLO, O.

12  was subject to age-based harassment, differential terms and conditions of employment, and

13  hostile work environment. CARRILLO, O. was retaliated against due to his age and was

14  discharged from his employment on March 12, 2008.  Charge No. 480-2008-02569.  As a

15  result of Defendants' employment practices in violation of ADEA, Title VII, and FEHA,

16  CARRILLO, O. has lost money or property.

17       30.    Plaintiff Martin Fernandez, age 61 at the time of the discriminatory and

18  harassing acts, is a California resident. Defendants' employed FERNANDEZ from

19  approximately 1987 to 2008 as a non-exempt employee at Defendants' agricultural facilities

20  at, or around, Wasco, California.  During his tenure at Defendants' facility, FERNANDEZ

21  was subject to age-based harassment, differential terms and conditions of employment, and

22  hostile work environment. FERNANDEZ was retaliated against due to his age and was

23  discharged from his employment on March 12, 2008.  Fernandez EEOC Questionnaire and

24  Charge No. 480-2008-02569.  As a result of Defendants' employment practices in violation

25  of ADEA, Title VII, and FEHA, FERNANDEZ has lost money or property.

26       31.    Plaintiff Juan Rubio was over age 40 at the time of the discriminatory and

27  harassing acts, is a California resident. Defendants'employed RUBIO from approximately

28

1979 to 2008 as a non-exempt employee at Defendants' agricultural facilities at, or around, Wasco, California.  During his tenure at Defendants' facility, RUBIO was subject to age-based harassment, differential terms and conditions of employment, and hostile work environment. RUBIO was retaliated against due to his age and was discharged from his employment on March 12, 2008. Charge No. 480-2008-02571.  As a result of Defendants' employment practices in violation of ADEA, Title VII, and FEHA, RUBIO has lost money or property.

### B.   DEFENDANTS

32.    Defendant Weeks Roses (located at 30135 McCombs Road Wasco, CA 93280) and International Garden Products, Inc. (located at 20340 SE Highway 212, Damascus, OR 97089) were joint "employers" within the meaning of the ADEA, 29 U.S.C. § 630(b); Cal. Gov. Code § 12926(d) and other applicable federal and California statutes, regulations and common law.  Each defendant employed 20 or more full-time or regular part-time employees for each working day, in each of 20 or more calendar weeks in either the current or preceding years and/or employed 20 or more such employees as an integrated enterprise.

33.    Plaintiff alleges that at all times herein mentioned each of the Defendants were the agent and employees of each of the remaining defendants and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

### III.   ADMINISTRATIVE REQUIREMENTS COMPLETED

34.    Each of the Plaintiffs, within the appropriate time of their respective adverse employment actions, filed complaints against Defendant with the U.S. Equal Employment Opportunity Commission and the State of California DFEH, received right to sue notices, and filed this action within ninety-days of those right to sue notices.

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

IV.     **FACTUAL BACKGROUND**

    A.     **Plaintiffs were Members of the Protected Classes.**

35.     Plaintiffs were all over 40 years of age during the relevant time period.

36.     Upon information and belief, Plaintiffs were significantly older than the other employees in their immediate workgroup who were treated in a superior fashion, with better and less arduous work assignments and with a greater number of hours.

37.     Upon their termination, upon information and belief, younger workers, less qualified than Plaintiffs, were hired almost immediately to fill some of their exact positions.

    B.     **Plaintiffs Suffered a Hostile Working Environment Harassment.**

38.     Mr. Juan Garcia was the primary person who directly abused the plaintiffs - targeting those he perceives as vulnerable - older workers.  Francisco and Miguel Salazar, Mr. Garcia's assistants were also responsible for abusing the plaintiffs on a recurring and frequent basis.  Other management also harassed workers.  These individuals also encouraged younger co-workers to make fun of the Plaintiffs due to their age.

39.     Up to March 12, 2008 when the majority of the plaintiffs were terminated, Mr. Garcia subjected Plaintiffs to a continuing violation of the federal and state anti-discrimination statutes, with severe and/or pervasive, hostile working environment harassment, based on their age. This ongoing harassment significantly altered the conditions of Plaintiffs employment and created an abusive working environment in which they were routinely humiliated and intimidated in the workplace.

40.     Plaintiffs were repeatedly told throughout their workday at Weeks Roses that they were "useless", "not producing enough", "old", "good for nothing" and needed to quit or be fired in order to be replaced by younger workers who were less expensive to hire.

41.     The harassment occurred on a daily basis, whenever Plaintiffs interacted with Mr. Garcia and/or agents of Weeks Roses.

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

Plaintiffs' Complaint for Age Discrimination and Related Claims – JURY DEMANDED

**C.      Plaintiffs Engaged in Protected Activities and Suffered a Retaliatory Termination.**

42.      As early as January 1994, through the time of their termination, Plaintiffs complained of Mr. Garcia's discriminatory harassment to Defendants' management, including but not limited to Mac McCraig and Veronica (last name unknown, employee at corporate office). In response to these complaints, Defendants, and the others to whom Plaintiffs complained failed to take prompt, effective corrective action.  During 2006 and 2007, Plaintiffs filed numerous charges with the EEOC regarding the age discrimination at issue.

43.      The majority of Plaintiffs were terminated on March 12, 2008 as a result of their age, complaints to management and filing of their EEOC charges against Defendants.

44.      Defendant claimed that Plaintiffs' termination was based upon a reduction in the workforce. However, upon information and belief, similarly-situated employees who, upon information and belief, did not complain of discrimination during the relevant period were not similarly terminated.

## V.      CAUSES OF ACTION

**A.      FIRST CAUSE OF ACTION – VIOLATION OF ADEA**

(As to All Defendants, Age Discrimination in Violation of the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 621, et seq.))

45.      Plaintiffs incorporate the foregoing paragraphs of their Complaint by reference.

46.      29 U.S.C. § 623(a)(1) states "it shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

47.      At all times relevant to this complaint, Plaintiffs were jointly employed by Defendants and over the age of 40, and thus a member of a protected class pursuant to the ADEA.

48.      Plaintiffs were qualified for their position at all times during their employment and

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

1    successfully performed their job responsibilities, many for more than 10 years.

2        49.    The ADEA provides that it is unlawful for an employer to harass any individual

3    based upon that individual's age.

4        50.    Defendants discriminated against Plaintiffs at the worksite in that Defendants were

5    aware of the fact that they were, but failed to prevent Plaintiffs from, being subjected to daily

6    harassment, intimidation, ridicule, humiliation, and verbal abuse.  This pattern of hostility and

7    abuse pervaded their day-to-day work environment, up to the final date in which Plaintiffs were

8    terminated.

9        51.    The daily harassment, intimidation, and abuse Plaintiffs suffered was unwelcome,

10   severe and pervasive, and was based on Plaintiffs' age.  The daily harassment, intimidation, and

11   shouting created an abusive working environment. Upon information and belief, Defendants did not

12   act in such a manner toward substantially younger employees. Defendants continual harassment of

13   plaintiffs fundamentally altered the terms and conditions of Plaintiffs' employment.

14       52.    Defendants harassment of Plaintiffs constituted a hostile work environment based on

15   their age because: 1) they were subjected to constant verbal abuse based upon their age, 2) the

16   conduct was unwelcome, and 3) the conduct was pervasive and severe so as to alter the conditions

17   of their employment.  The verbal abuse occurred on a nearly daily basis, was derogatory based upon

18   the worker's age and suggested that their age made them useless, and the derogatory comments

19   directly interfered with plaintiffs' ability to carry out their work duties.

20       53.    On March 12, 2008 the majority of Plaintiffs were terminated based on their age and

21   as described below, in retaliation for attempting to enforce their rights under federal and California

22   protections.

23       54.    As a result of Defendants' violations of ADEA, Plaintiff have suffered past and

24   present loss of garden variety emotional distress and other damages.

25       55.    Plaintiffs are entitled to all attorneys' fees and litigation costs, inter alia, which they

26   have incurred in litigating the age discrimination claims, in addition to backpay, reinstatement or

27   front pay, compensatory and punitive damages pre- and post-judgment interest, and all other relief

28

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

1    available under the statutes.

2

3         **B.    Second Cause of Action for Age Discrimination in Violation of
           Government Code § 12940 as to Weeks Roses**

4

5         56.    Plaintiffs hereby incorporate and re-alleges each of the allegations contained above

6    as though fully set forth herein.

7         57.    Section 12940(a) of the California Government Code states that it shall be an

8    unlawful practice "for an employer, because of ... age... to discriminate against the person in terms,

9    conditions, or privileges of employment."

10        58.    Defendants' regularly and systematically do business in the State of California and

11   are subject to suit under the California Fair Employment and Housing Act, Government Code

12   Sections 12900 et seq. (FEHA), in that Defendants' employ or jointly employ five or more persons

13   in California.

14        59.    Pursuant to California Government Code Section 12940(a), Defendants' owed

15   Plaintiffs the duty not to terminate their employment because of Plaintiffs' age and not to

16   discriminate against them in the terms and conditions of his employment.

17        60.    Defendants' terminated Plaintiffs for the purpose of hiring younger, less

18   experienced, less expensive and less senior individuals. Further, Defendants often referred to

19   Plaintiffs in derogatory terms relating to Plaintiffs' old age.  Defendants' purpose was to

20   discriminate against older workers.

21        61.    Defendants' discriminatory actions against Plaintiffs, as alleged above, including

22   their termination of employment on, or about, March 12, 2008, constituted unlawful discrimination

23   in employment on account of their age, in violation of California Government Code Section

24   12940(a). Even if part of Defendants' purpose was to simply reduce salary by retaining lower paid

25   workers, such a criteria adversely impacted older workers as a group and is illegal under California

26   Government Code §12941.

27        62.    As a result of Defendants' acts and omissions alleged above, including

28

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

discrimination, harassment, termination and retaliation, Plaintiffs suffered injuries and damages in an amount according to proof.

63.     By discriminating against Plaintiffs in violation of Government Code Section 12940 et seq, Defendants' acted willfully, oppressively, maliciously and with conscious disregard for Plaintiffs' rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at time of trial.

64.     Plaintiffs seeks their attorneys' fees and costs pursuant to California Government Code Section 12965(b).

**C.     Third Cause of Action for Failure to Prevent Discrimination in Violation of Government Code § 12940(k)**

65.     Plaintiffs hereby incorporates and re-alleges each of the allegations contained above as though fully set forth herein.

66.     Pursuant to California Government Code Section 12940(k), Defendants, and each of them, owed to Plaintiffs the duty to take all reasonable steps necessary to prevent discrimination against Plaintiff based on his age.

67.     Despite Defendants' knowledge of the above-mentioned discrimination by those employed by Defendants, Defendants failed to take immediate and appropriate corrective action to stop the discrimination.  Furthermore, before the terminations occurred, Defendants failed to take all reasonable steps to prevent such discrimination from occurring despite being on notice for two years.

68.     As a result of Defendants' acts and omissions alleged above, Plaintiffs suffered injuries and damages in an amount according to proof.

69.     As a proximate result of Defendants' wrongful conduct, Plaintiffs were caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to garden variety

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

1  emotional distress, accrued but unpaid salary and benefits (including pre-judgment interest

2  thereon), front pay, back pay, severance pay, and the like.

3      70.    Plaintiffs seeks their attorneys' fees and costs pursuant to California Government

4  Code Section 12965(b).

6  **D.**    **Fourth Cause of Action for Wrongful Termination in Violation of California Public Policy**

8      71.    Plaintiffs reallege and incorporate the above paragraphs.

9      72.    The public has a fundamental interest in a workplace free from discrimination. This

10  fundamental policy is embodied in the California Constitution, Article I, Section 8. (See also Cal.

11  Gov. Code §§12940 et seq., 12945.2; Cal. Bus. & Prof. Code §§ 17200,17500 et seq.; Civ. Code §§

12  1572, 1709, 1710; Penal Code §§ 484, 536; Cal. Lab. Code §1102.5).

13      73.    It is against the public policy of the State of California for employers to discharge

14  employees in a discriminatory manner, harass employees, or retaliate against employees for

15  participating in legally protected activities, and/or opposing any practices forbidden under

16  California Government Code, § 12900 et seq. This fundamental public policy is embodied in the

17  California Government Code, § 12900 et seq. and the California Constitution, Article I, Section 8.

18  (See City of Moorpark v. Sup.Ct., 18 Cal. 4th 1143, (1988)).

19      74.    Plaintiffs in this action filed complaints with the EEOC in 2006 and 2007 and were

20  terminate en masse in 2008.  As set forth above, discrimination was a motivating factor in the

21  adverse employment actions suffered by Plaintiffs.

22      75.    As set forth above, participation in legally protected activities was a motivating

23  factor in the termination, harassment, and retaliation to which Defendant subjected Plaintiffs.

24      76.    The wrongful conduct alleged herein was in contravention to laws protecting

25  employees in the workplace, California's Constitution, and/or the declared and firmly established

26  public interest and public policy of the people of the State of California mandating that all persons

27  have the fundamental right to engage in protected activity and to be free from discrimination,

28

1    harassment, and retaliation in the workplace.

2        77.    Defendants' wrongful conduct in violation of fundamental public policies has caused

3    Plaintiffs to suffer damages including, but not limited to, loss of income and benefits, garden

4    variety emotional distress, and other damages.

5        78.    In doing the things alleged herein, Defendants' conduct was despicable. Defendants

6    acted toward Plaintiffs with malice, oppression, fraud, and with willful and conscious disregard to

7    Plaintiffs' rights, entitling each Plaintiffs to awards of punitive damages.

8

9    **E.    Fifth Cause of Action for Retaliatory Discharge Under Federal Public
        Policy**

10

11       79.    Plaintiffs incorporates the foregoing paragraphs of their Complaint by reference.

12       80.    Throughout the course of their employment, Plaintiffs complained to Defendants

13   about the hostile work environment harassment and discrimination on the basis of their age.

14       81.    Plaintiffs engaged in protected activity within the meaning of federal and state law,

15   including the ADEA and FEHA. Under these laws, it is unlawful to retaliate or to take an adverse

16   employment action because that person has engaged in protected activity, including opposing any

17   practices forbidden by the state or federal anti-discrimination laws.

18       82.    Plaintiffs were capable of performing their positions and performed it satisfactorily,

19   until they were illegally discharged.  Until the time of their termination and since, Plaintiffs has

20   been capable of performing satisfactorily their work functions required to carry out the duties

21   required by Defendants.

22       83.    Defendants collectively terminated Plaintiffs after they collectively and publically

23   participated in protected activities.  Plaintiffs timely exhausted administrative remedies regarding

24   their retaliatory termination.

25       84.    As a result of Defendants' unlawful retaliatory and discriminatory conduct, Plaintiffs

26   have suffered past and present loss of income and garden variety emotional distress.

27       85.    Plaintiffs are entitled to all attorneys' fees and litigation costs, inter alia, which they

28

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

have incurred in litigating the retaliatory termination, in addition to backpay, reinstatement or frontpay, compensatory and punitive damages, pre- and post-judgment interest, and all other relief available under the statutes.

86.     In doing the things alleged herein, Defendants' conduct was despicable. Defendant acted toward Plaintiffs with malice, oppression, fraud, and with willful and conscious disregard to Plaintiffs' rights, entitling each Plaintiffs to awards of punitive damages.

## VI.   PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. That Defendants' conduct toward Plaintiff, complained of herein be declared and adjudged unlawful, and in violation of the Age Discrimination in Employment Act, and the California Fair Employment and Housing Act;

b. For an award of damages for Plaintiffs arising from loss of past and future income, mental anguish, emotional distress and other damages available under the Age Discrimination in Employment Act and the California Fair Employment and Housing Act;

c. For an order awarding Plaintiffs all appropriate back pay and lost benefits plus interest, and reinstatement to a suitable position and/or front pay;

d. Exemplary and Punitive damages against Defendants;

e. All costs and attorney's fees and costs  (including contingent fee enhancement beyond lodestar) incurred pursuant to this claim; and

f. For such further injunctive, declaratory, and other relief as the Court deems just and equitable.

g. For special and economic damages, including back pay and front pay, benefits and for consequential damages, for all causes of action;

h. For general and non-economic damages for all causes of action;

i. For prejudgment interest at the prevailing legal rate;

1    j. For such other and further relief as the Court may deem proper.

2                          **DEMAND FOR JURY TRIAL**

3    PLAINTIFFS hereby demand trial of their claims by jury.

4  Dated: August 3, 2010

5                                                  /s/ Marco A. Palau

6                                          Stan Mallison
                                           Hector Martinez
7                                          Marco Palau
                                           Jessica Juarez
8
                                           Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

21
Plaintiffs' Complaint for Age Discrimination and Related Claims – JURY DEMANDED